IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROSCOE LORENZO COATES, : | |
| : | |
| Plaintiff, : | |
| v. : | Case No. 5:25-cv-88 (MTT) |
| : | |
| Lieutenant SWINT, *et al.*, : | |
| : | |
| Defendants. : | |

_____

**<u>NOTIFICATION OF PRE-ANSWER MOTION TO DISMISS</u>**

On September 12, 2025, Defendants filed a Motion to Dismiss Plaintiff's Complaint and a brief in support thereof. (Doc. 16).

The Court is required to adequately advise Plaintiff of the significance of Defendants' Motion. *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). In an effort to afford Plaintiff, who is proceeding *pro se*, adequate notice and time to respond to Defendants' Motion, the following notice is given. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendants' Motion to Dismiss. Unless the Court has granted permission, any brief should not exceed twenty (20) pages. M.D. Ga. Civ. L.R. 7.4.

Normally, when considering a motion to dismiss, the Court limits its consideration to the pleadings and exhibits attached thereto, as well as the parties' briefs. If, however, Defendants have alleged that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies available through the Georgia Department of Corrections, "[t]he judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 535 (11th Cir. 2014) (citing *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)).

If Plaintiff is responding to a motion to dismiss for failure to exhaust, this is his opportunity to "develop the record." *Id*. Plaintiff may provide the Court with affidavits and/or other documents showing that he has, in fact, exhausted available administrative remedies.

**FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANTS' BRIEF MAY RESULT IN THESE STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.**

The Court could grant judgment and there would be no trial or further proceedings in this case. Accordingly, Plaintiff is **NOTIFIED** of his right to submit a response brief, and any affidavits and/or documents showing he has exhausted his administrative remedies, **WITHIN TWENTY-ONE (21) DAYS** of the date of this Notice. As explained above, if Plaintiff fails to file a brief in opposition to the Motion to Dismiss, a final judgment may be rendered against him if otherwise appropriate under law. Defendants may file any desired reply within fourteen (14) days of Plaintiff's response. Thereafter, the Court will consider Defendants' Motion to Dismiss and any opposition to the same filed by Plaintiff and issue its ruling.

**SO DIRECTED**, this 15th day September, 2025.

s/ <u>**ALFREDA L. SHEPPARD**</u>  
UNITED STATES MAGISTRATE JUDGE